## MAGNOLIA PETROLEUM CO. v. STUBBLEFIELD. *

### No. 4684.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Parsons & Colvin, of Mansfield, for appellant.

Craig, Bolin & Magee, of Mansfield, for appellee.

DREW, Judge.

Plaintiff sued for $450. It alleged that between the dates of December 27, 1930, and October 3, 1931, it sold and delivered to defendant oil and gasoline on open account to the amount of $4,065.59; that on said account defendant had paid $3,615.59, leaving a balance of $450. It attached an itemized account.

The defense is a general denial, and he further alleged that between the dates mentioned in plaintiff's petition he purchased oil and gasoline from plaintiff on open account, but that he has paid for all amounts so purchased.

On these issues the case was tried below resulting in judgment for defendant, rejecting plaintiff's demands, and it has appealed.

The principal items which are involved in this suit are those items alleged to have been delivered to defendant on December 17th, 27th and 31st, and January 31st, totaling $635.01, and were not charged to plaintiff until February. The bill presented February 1st was paid in full. The bill presented March 1st was paid in full for all oil and gasoline delivered in February, but the amount of $635.01, which was on the bill presented March 1st, being a back charge and claimed by plaintiff to have been delivered on the date heretofore alleged, was not paid. All bills for gasoline and oil delivered thereafter have likewise been paid by defendant, and the item of $635.01 has been reduced by payment to the sum of $450.

Plaintiff attempted to prove its case by its truck drivers who testified to the delivery of the gasoline to defendant. They had no independent recollection of each delivery and testified principally from the sales tickets on which they recognized their own writing. Some of the tickets were signed by defendant and some by his employees; others were not signed, and in many instances the truck driver would sign defendant's name to the tickets. Under the circumstances, however, we think plaintiff has made out a prima facie case and, unless the testimony offered by defendant offsets or outweighs the effect of plaintiff's testimony, plaintiff would recover.

We can find that plaintiff did deliver gasoline to defendant on each and every day alleged by it, but there is no testimony in the record to show that the quantity alleged to have been delivered each time is correct. The only evidence as to quantity is that which is shown on the sales tickets and nothing to corroborate it. Defendant and his employees do not swear that the gasoline was not de-

*Rehearing granted March 2, 1934.

livered to defendant on December 17th, 27th and 31st, and January 31st. They swear, however, that they did not think it was, but they are positive that the quantity claimed to have been delivered on those dates was not put in defendant's tank. Their testimony is based upon a check defendant made each month which showed a shortage in December of nearly 4,000 gallons of gasoline.

The system in effect at defendant's place of business was to keep an accurate account of all gasoline sold or used during the month; on the last day of the month to measure the tank to find the quantity of gasoline on hand, add to that the quantity shown to have been used or sold, and compare with the quantity plaintiff claimed to have put in the tank during the month. It is admitted that there was a chance for a small error to creep in, due to the failure to charge some out-going gasoline, and also by reason of evaporation. Under the system defendant had, there was no chance for the shortage to be large on these accounts, and each month this same check was made, and the only month where the large shortage was had was in December.

Defendant and his son, who was his bookkeeper, are very positive that the shortage was due to the failure of the gasoline to go into the storage tank, and we are convinced they are correct—at least the direct testimony of defendant and his son outweighs the uncorroborated writing of the quantity on the sales tickets. The record discloses that there was no chance for the gasoline to escape from the tank on account of leakage of defective tanks.

Plaintiff contends that defendant is estopped to deny the account at this time because he has paid part of it and promised to pay the balance. It is true defendant has paid part of the disputed account and has promised to pay the balance, if allowed to make it in small monthly payments extending over a long period of time. However, while doing this, he was constantly protesting that he did not owe it and made the small payments and promises to pay solely to avoid a lawsuit, stating that he had never been sued and did not want to be sued, and had rather pay the unjust account, if he was given ample time to pay in small monthly payments, than to go through a lawsuit. His proposition was refused by plaintiff.

We think plaintiff has failed to prove that defendant owes any amount and that the promises made by defendant under the circumstances they were made do not bar him nor estop him from contesting the claim of plaintiff.

We find no error in the judgment of the lower court, and it is therefore affirmed, with costs.